# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH USUNUBU ALUYA, <br><br> Plaintiff, <br><br> vs. <br><br> MANAGEMENT & TRAINING CORPORATION, and DOES 1-9, <br><br> Defendants. | CASE NO. 1:13-CV-1345-AWI-JLT <br><br> **ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE PREMISES LIABILTIY** <br><br> (Doc. Nos. 80, 81) |
| DEMOND HAMMOND, <br><br> Plaintiff, <br><br> vs. <br><br> MANAGEMENT & TRAINING CORPORATION, and DOES 1-9, <br><br> Defendants. | CASE NO. 1:13-CV-1209-AWI-JLT <br><br> **ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE PREMISES LIABILTIY** <br><br> (Doc. Nos. 86, 87) |
| BRUCE DWIGHT SUTTON, <br><br> Plaintiff, <br><br> vs. <br><br> MANAGEMENT & TRAINING CORPORATION, and DOES 1-9, <br><br> Defendants. | CASE NO. 1:13-CV-1344-AWI-JLT <br><br> **ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE PREMISES LIABILTIY** <br><br> (Doc. Nos. 88, 89) |

In three separate but similar cases, Joseph Usunubu Aluya, Demond Hammond, and Bruce Dwight Sutton (collectively, "Plaintiffs") make claims against Defendant Management & Training Corporation ("MTC") after allegedly contracting Valley Fever while inmates at Taft Correctional Institution ("TCI"), which is operated by MTC. This Court previously granted MTC's Motion for Summary Judgment as to all Plaintiffs (Doc. No. 72), but the Ninth Circuit reversed and remanded the Plaintiffs' cases to this Court. Doc. No. 83.

When remanding the cases, the Ninth Circuit noted that: "The district court did not address the adequacy of the warnings in light of its conclusion that the inmates' failure to present evidence that TCI experienced higher infections rates than the surrounding community precluded liability." Id. at 3. Therefore the Ninth Circuit ordered that: "On remand, the court should consider in the first instance whether there is a genuine issue of material fact as to whether MTC breached its duty to warn as a possessor of land." Id.

Pursuant to the Amended Further Scheduling Order issued on January 12, 2017 (Doc. No. 86), the parties have submitted supplemental briefing addressing the adequacy of the warnings in regards to whether MTC breached its duty to warn inmates about Valley Fever as a possessor of land. For the reasons that follow, MTC's motion for summary judgment on Plaintiffs' individual claims for premises liability will be denied as to all Plaintiffs.

## RELEVANT FACTUAL BACKGROUND[1]

### A. Plaintiff Joseph Usunubu Aluya ("Aluya")

It is undisputed that pamphlets addressing Valley Fever were available in the waiting area of the medical department, and through medical staff. Doc. No. 50-3; JSUMF 20. It is undisputed that while at TCI, Aluya saw a small piece of paper posted with the word "cocci" or "coccidiodimycosis" written on it. Doc. No. 81 at 6.

---

[1] "JSUMF" refers to the parties' Joint Statement of Undisputed Material Facts.

MTC states that "all inmates are given a pamphlet and a fact sheet[2] about Valley Fever during the Admissions and Orientation Process at Taft." Doc. No. 80 at 3. Aluya does not recall receiving any information about Valley Fever during the Admissions and Orientation Process. Doc. No. 80 at 3.

### B. Plaintiff Demond Hammond ("Hammond")

It is undisputed that pamphlets addressing Valley Fever were available in the waiting area of the medical department, and through medical staff. Doc. No. 57-3; JSUMF 20. It is undisputed that Hammond was warned by staff not to go outside when it was windy. JSUMF 31. It is also undisputed that when Hammond was at TCI, he saw a pamphlet about Valley Fever posted on the wall in the medical area. JSUMF 32.

MTC states that "all inmates are given a pamphlet and a fact sheet about Valley Fever during the Admissions and Orientation Process at Taft." Doc. No. 86 at 3. Hammond does not recall receiving any information about Valley Fever during the Admissions and Orientation Process. Doc. No. 87 at 3.

### C. Plaintiff Bruce Dwight Sutton ("Sutton")

It is undisputed that pamphlets addressing Valley Fever were available in the waiting area of the medical department, and through medical staff. Doc. No. 60-3; JSUMF 20. It is undisputed that Sutton was warned by staff not to go outside when it was windy. JSUMF 34.

MTC states that "all inmates are given a pamphlet and a fact sheet about Valley Fever during the Admissions and Orientation Process at Taft." Doc. No. 88 at 3. Sutton denies receiving any information about Valley Fever during the Admissions and Orientation Process. Doc. No. 91 at 2.

---

[2] Plaintiffs dispute whether MTC gave inmates the fact sheet entitled "Facts About Cocci," which was developed by the American Lung Association, and describes what is cocci, what causes cocci, who gets cocci, symptoms, diagnoses, and treatment. See Doc. No. 80, Ex. J.

**D. Expert Report Submitted by Plaintiffs**

Peter Jaramillo ("Jaramillo"), Plaintiffs' industrial hygiene expert, asserts that MTC's efforts to warn inmates about Valley Fever were "cursory and inadequate." Exhibit Q (Doc. 67-5 at 56). Jaramillo stated that inmates are "given no additional or ongoing information regarding Valley Fever, and are given no Valley Fever risk prevention training." Id. Jaramillo stated that there is no evidence that TCI had a policy "to determine when the risk of Valley Fever is too high to allow inmates outdoors." Exhibit Q (Doc. 67-5 at 57).

**LEGAL STANDARD**

Summary judgment is proper when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1080 (9th Cir. 2004). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying the portions of the declarations (if any), pleadings, and discovery that demonstrate an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). A fact is "material" if it might affect the outcome of the suit under the governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); United States v. Kapp, 564 F.3d 1103, 1114 (9th Cir. 2009). A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. Anderson, 477 U.S. at 248; Freecycle Sunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the movant. Soremekun, 509 F.3d at 984. Where the non-moving party will have the burden of proof on an issue at trial, the movant may prevail by presenting evidence that negates an essential element of the non-moving party's claim or by merely pointing out that there is an absence of evidence to support an essential element of the non-moving party's claim. See James

River Ins. Co. v. Herbert Schenk, P.C., 523 F.3d 915, 923 (9th Cir. 2008); Soremekun, 509 F.3d at 984. If a moving party fails to carry its burden of production, then "the non-moving party has no obligation to produce anything, even if the non-moving party would have the ultimate burden of persuasion." Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1105-06 (9th Cir. 2000). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Nissan Fire, 210 F.3d at 1103. The opposing party cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'" Estate of Tucker v. Interscope Records, 515 F.3d 1019, 1030 (9th Cir. 2008).

The opposing party's evidence is to be believed, and all justifiable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Anderson, 477 U.S. at 255; Matsushita, 475 U.S. at 587; Narayan v. EGL, Inc., 616 F.3d 895, 899 (9th Cir. 2010). While a "justifiable inference" need not be the most likely or the most persuasive inference, a "justifiable inference" must still be rational or reasonable. See Narayan, 616 F.3d at 899. Summary judgment may not be granted "where divergent ultimate inferences may reasonably be drawn from the undisputed facts." Fresno Motors, LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2015); see also Holly D. v. Cal. Inst. Of Tech., 339 F.3d 1158, 1175 (9th Cir. 2003).

Inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Fitzgerald v. El Dorado Cnty., 94 F.Supp.3d 1155, 1163 (E.D. Cal. 2015); Sanders v. City of Fresno, 551 F.Supp.2d 1149, 1163 (E.D. Cal. 2008). "A genuine issue of material fact does not spring into being simply because a litigant claims that one exists or promises to produce admissible evidence at trial." Del Carmen Guadalupe v. Agosto, 299 F.3d 15, 23 (1st Cir. 2002); see Bryant v. Adventist Health System/West, 289 F.3d 1162, 1167 (9th Cir. 2002). The parties have the obligation to particularly identify material facts, and the court is not required to scour the record in search of a genuine disputed material fact. Simmons v. Navajo Cnty., 609 F.3d 1011, 1017 (9th Cir. 2010).

Further, a "motion for summary judgment may not be defeated . . . by evidence that is 'merely colorable' or 'is not significantly probative.'" Anderson, 477 U.S. at 249-50; Hardage v. CBS Broad. Inc., 427 F.3d 1177, 1183 (9th Cir. 2006). If the nonmoving party fails to produce evidence sufficient to create a genuine issue of material fact, the moving party is entitled to summary judgment. Nissan Fire, 210 F.3d at 1103.

## DEFENDANT'S MOTION

### A. Legal Standard

A possessor of land has a duty to warn of a known concealed condition that, in the absence of precautions, presents an unreasonable risk of harm to those who encounter it. Rowland v. Christian, 443 P.2d 561, 568 (Cal. 1968), superseded in part by statute, Cal. Civ. Code § 847. "In California, landowners may be held liable for a failure to warn invitees of hidden dangers where '(1) defendant [landowners] knew or reasonably should have known of a concealed, preexisting hazardous condition on their premises; (2) plaintiff … did not know and could not reasonably ascertain the condition; and (3) defendants failed to warn plaintiff.'" Edison v. United States, 822 F.3d 510, 520 (9th Cir. 2016) (citing Gravelin v. Satterfield, 200 Cal.App.4th 1209 (2011)). Warnings must enable those at risk to take steps to mitigate or avoid the risk. See Mejia v. Target Stores, 2014 WL 1340197, at *2 (C.D. Cal. Apr. 1, 2014) (finding that store owner "is under a duty to exercise ordinary care either to make the condition reasonably safe for [customers'] use or to give a warning adequate to enable them to avoid the harm"); see also Rowland, 69 Cal. 2d at 119 (stating that a guest on the land "should reasonably be entitled to rely upon a warning of the dangerous condition so that he, like the host, will be in a position to take special precautions when he comes in contact with it").

### B. Defendant's Arguments

MTC argues that it provided adequate warnings about Valley Fever to Plaintiffs. MTC has presented undisputed evidence as to all Plaintiffs that pamphlets addressing Valley Fever were available in the waiting area of the medical department at TCI, and through TCI medical staff. MTC points out that it is undisputed that Plaintiffs Sutton and Hammond were warned by

-6-

staff not to go outside when it was windy. MTC also emphasizes that it is undisputed that when Hammond was at TCI, he saw a pamphlet about Valley Fever posted on the wall in the medical area, and when Aluya was at TCI, he saw a paper posted with the word "cocci" or "coccidiodimycosis" written on it. MTC asserts that it is "undisputed" that each Plaintiff received written materials on Valley Fever during their orientation at TCI. Although Plaintiffs contest this fact, MTC argues that the fact that Plaintiffs could not recall receiving materials is not sufficient evidence to withstand summary judgment.

### C. Plaintiffs' Arguments

Plaintiffs argue that MTC's warnings about Valley Fever (to the extent Plaintiffs even agree they were seen) were inadequate. For example, Plaintiffs point out that one of the pamphlets addressing Valley Fever states that "Simple avoidance of infected areas is probably best for newcomers among black, Mexican and Filipino adults." Exhibit O (Doc. 59-1. At 134). Plaintiffs argue that such advice is inadequate for inmates. Plaintiffs also argue that the pamphlets suggested measures outside of Plaintiffs' control, such as "irrigation and planting grass or laying more concrete." Id. at 135. While Sutton and Hammond agree they were told not to go outside when it was windy, these Plaintiffs assert that they were never told of the danger of contracting Valley Fever from windy conditions. Also, Aluya states that he did not know what the words "cocci" or "coccidiodimycosis" meant when he saw them on a wall poster. Plaintiffs also strongly emphasize their expert report from Jaramillo, who opines that MTC's warnings were inadequate.

### D. Discussion

The Ninth Circuit has determined that MTC had a duty to warn Plaintiffs. "Valley Fever is a 'classic example of a hidden danger' triggering the duty to warn." Aluya v. Mgmt. & Training Corp., 671 F. App'x 970, 971 (9th Cir. 2016) (citing to Edison, 822 F.3d at 520). The question for this Court is "whether there is a genuine issue of material fact as to whether MTC breached its duty to warn as a possessor of land," as to the adequacy of MTC's warnings about Valley Fever. Aluya, 671 F. App'x at 971. As already noted by the Ninth Circuit: "Although

1  MTC provided inmates with warnings about Valley Fever and posted signs at TCI about the
2  disease, the inmates submitted expert evidence that these warnings were inadequate." Id.
3       Here, there are questions about whether certain warnings were even delivered to
4  Plaintiffs, and Plaintiffs have pointed out many issues with the warnings that they agree were
5  received. Even if the Court assumed that each Plaintiff did receive written materials addressing
6  Valley Fever during orientation as MTC claims, there is still a question as to whether the written
7  materials constituted an adequate warning that would have enabled Plaintiffs to take steps to
8  mitigate or avoid the risk. See Mejia, 2014 WL 1340197, at *2; see also Rowland, 69 Cal. 2d at
9  119. As Plaintiffs' expert opined,[3] inmates are "given no additional or ongoing information
10 regarding Valley Fever, and are given no Valley Fever risk prevention training." Id. Further,
11 Plaintiff's expert stated that there is no evidence that TCI had a policy "to determine when the
12 risk of Valley Fever is too high to allow inmates outdoors." Exhibit Q (Doc. 67-5 at 57).
13      Given that all justifiable inferences that may be drawn from the facts placed before the
14 Court must be drawn in favor of Plaintiffs, the Court finds that Plaintiffs have raised genuine
15 factual issues as to the adequacy of MTC's warnings about Valley Fever. See Anderson, 477
16 U.S. at 255; Matsushita, 475 U.S. at 587; Narayan v. EGL, Inc., 616 F.3d 895, 899 (9th Cir.
17 2010). Therefore, MTC's request for summary judgment as to premises liability will be denied.
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26
27 [3] The Court does not agree with Defendant's argument that Jaramillo's expert report fails to provide facts or any foundation to create a material dispute of fact. The Court finds that Jaramillo's expert report creates a material
28 dispute of fact.

# ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for summary judgment on Plaintiffs' individual claims for premises liability is DENIED as to all Plaintiffs.

2. The Clerk of the Court shall file this decision in each separate case:

    Aluya v. Management & Training Corp. 13cv1345;

    Hammond v. Management & Training Corp. 13cv1209; and

    Sutton v. Management & Training Corp 13cv1344.

IT IS SO ORDERED.

Dated:  June 27, 2017

_____
SENIOR DISTRICT JUDGE