# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH USUNUBU ALUYA,<br><br>Plaintiff,<br><br>vs.<br><br>MANAGEMENT & TRAINING CORPORATION, and DOES 1-9,<br><br>Defendants. | **CASE NO. 1:13-CV-1345-AWI-JLT**<br><br>**ORDER ON PLAINTIFF'S MOTION TO CONSOLIDATE CASES FOR TRIAL**<br><br>(Doc. No. 92) |
| DEMOND HAMMOND,<br><br>Plaintiff,<br><br>vs.<br><br>MANAGEMENT & TRAINING CORPORATION, and DOES 1-9,<br><br>Defendants. | **CASE NO. 1:13-CV-1209-AWI-JLT**<br><br>**ORDER ON PLAINTIFF'S MOTION TO CONSOLIDATE CASES FOR TRIAL**<br><br>(Doc. Nos. 99) |
| BRUCE DWIGHT SUTTON,<br><br>Plaintiff,<br><br>vs.<br><br>MANAGEMENT & TRAINING CORPORATION, and DOES 1-9,<br><br>Defendants. | **CASE NO. 1:13-CV-1344-AWI-JLT**<br><br>**ORDER ON PLAINTIFF'S MOTION TO CONSOLIDATE CASES FOR TRIAL**<br><br>(Doc. No. 100) |

In three separate but similar cases, Joseph Usunubu Aluya ("Aluya"), Demond Hammond ("Hammond"), and Bruce Dwight Sutton ("Sutton), (collectively, "Plaintiffs") make claims against Defendant Management & Training Corporation ("MTC") after allegedly contracting Valley Fever while inmates at Taft Correctional Institution ("TCI"), which is operated by MTC. Plaintiffs allege three negligence causes of action against MTC. On June 28, 2017, the parties appeared at a pretrial conference before the Court. Doc. No. 95. At the pretrial conference, counsel for Plaintiffs raised the issue of consolidation of the cases for trial. On July 14, 2017, the parties appeared by phone at a status conference before the Court regarding consolidation, and the parties agreed to a briefing schedule for Plaintiffs' motion to consolidate. Doc. No. 98. Having now reviewed the briefing from both parties, the Court will grant Plaintiffs' motion to consolidate for the reasons that follow.

**FACTUAL BACKGROUND**

All Plaintiffs allege they contracted Valley Fever while incarcerated at TCI due to the negligence of MTC. All Plaintiffs were incarcerated at TCI during relatively close time periods. All Plaintiffs allege that MTC was negligent in failing to implement preventative measures to reduce the risk of infection in light of the danger of contracting Valley Fever in the area where TCI is located.

**PLAINTIFFS' MOTION**

A. **Plaintiffs' Arguments**

Plaintiffs argue, *inter alia*, that their cases are materially identical in all aspects, save damages. All three cases involve the same Defendant, MTC, the same lawyers, almost all of the same witness, the same theories of liability, and the same experts. Plaintiffs argue that three separate trials would involve unnecessary cost and delay in calling the same witnesses and experts three separate times to provide repetitive testimony.

**B. MTC's Arguments**

MTC argues, *inter alia*, that a consolidated trial would be prejudicial and confusing to the jury. MTC argues that causation and damages will be different for each Plaintiff. MTC argues that each Plaintiff was at TCI for a different amount of time, spent different amounts of time outside, had differences in their use of dust masks and understandings of warnings, and claim widely different damages. MTC does not deny that there are some overlapping issues in this case that were raised at summary judgment.

**C. Discussion**

**LEGAL STANDARD**

Pursuant to Rule 42(a) addressing consolidation: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Under Rule 42, the Court has "broad discretion" to consolidate cases pending in the same district either upon motion by a party or *sua sponte*. In re Adams Apple., Inc., 829 F.2d 1484, 1487 (9th Cir. 1987). In exercising this discretion, the Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984).

**A. Common Questions of Law and Fact Predominate Over Individual Questions**

The case of *Young v. City of Augusta*, 59 F.3d 1160 (11th Cir. 1995), is instructive. *Young* involved a Plaintiff's Eighth Amendment claim against prison officials for improper treatment of her mental health condition. Plaintiff Young alleged that the City of Augusta failed to adequately select or train jail personnel to deal with inmates suffering from mental illness. Id. at 1165. Plaintiff sought to consolidate her case with the case of another of her attorney's clients who also brought an Eighth Amendment claim against the City. Id. at 1165. The court found that there were differences between the two actions in that each plaintiff alleged a different set of facts concerning his or her particular medical needs and the responses made by jail employees.

Id. at 1168. However the court expressly rejected the magistrate judge's finding that there were no common issues of law or fact in the cases and reasoned that consolidation would have been appropriate. Id. at 1168-1169. According to the court, consolidation of both cases would have made sense. Id. at 1170. Both actions contained the same allegations of deliberate indifference to Plaintiffs' medical needs by jail officials. Id. Both actions claimed a city custom, practice, or policy of deliberate indifference in providing mental health treatment. Id. The core issue of liability was whether the city could be held accountable for Plaintiffs' alleged constitutional deprivations. Id. Both cases were assigned to the same district judge and followed a similar course of development. Id. at 1169. In both actions the parties would have to prove the same elements to establish their claims. Id.

In this case, all the Plaintiffs bring identical claims for negligence causes of action against the same Defendant, MTC, who managed the same prison facility, TCI, after Plaintiffs allegedly contracting Valley Fever at TCI. All three cases are before the same district judge and have followed a similar course of development, with uniform decisions on summary judgment. Some small factual differences exist in Plaintiffs' cases, such as who asked for a dust mask or who saw a poster on Valley Fever. However, Plaintiffs share the same core issues of whether MTC breached the duty of care it owed to Plaintiffs and whether this breach caused Plaintiffs to contract Valley Fever and the related suffering and costs associated with this condition. The main thrust of Plaintiffs' cases goes to the practices and procedures that MTC had in place to protect inmates from the dangers of contracting Valley Fever and whether such practices were reasonable. These are universal questions to all three Plaintiffs, making consolidation appropriate here. The question is whether the benefits of consolidating the cases for trial outweigh the potential prejudice to the parties.

**B. The Value of Consolidation Outweighs Any Argument of Prejudice Here**

In *Finder v. Leprino Foods Co.*, 2016 WL 6875259 (E.D. Cal. Nov. 21, 2016) this Court granted plaintiff's motion for consolidation, finding that "Litigating the two actions together is likely to conserve judicial resources and decrease the likelihood of inconsistent factual or legal determinations." Id. at *5; see also Morgan v. Napolitano, 2012 WL 4755034, at *2 (E.D. Cal.

Oct. 4, 2012) (granting consolidation where two trials would "present a significant risk of inconsistent verdicts").

The Plaintiffs are currently scheduled for three consecutive trials. The parties' exhibit lists for each trial are nearly identical, with the exception of each Plaintiffs' medical records. The parties' witness lists are also nearly identical, with the exception of each Plaintiff and a few witnesses who may be called on behalf of an individual Plaintiff. For example, if three separate trials are held, the following witnesses will apparently be called three separate times:

1. Dr. Royce Johnson (Plaintiff's expert);
2. Peter Jaramillo (Plaintiff's expert);
3. Dr. George Thompson (Defendant's expert);
4. Burnett Rucker, M.D. (Defendant Party Affiliate witness);
5. Lori Watts (Defendant Party Affiliate witness);
6. Michael Benov (Defendant Party Affiliate witness);
7. Dan Jones (Defendant Party Affiliate witness);
8. Diana Cormier (third party witness & government employee);
9. Kirt Emery (third party witness & County of Kern government official);
10. Dr. James Pelton (out-of-state third party witness & government employee);
11. Dr. Newton Kendig (out-of-state third party witness & former top government official);
12. Dr. Lauren Burwell (third party witness & government employee);
13. Custodian of records, MTC (Defendant Party Affiliate witness);
14. Custodian of records, Kern County Dept. of Public Health (third party witness & government employee); and
15. Custodian of records, Bureau of Prisons (third party witness & government employee).

See Pretrial Order in each of the three cases: Doc. No. 89 (Aluya); Doc. No. 96 (Hammond); Doc. No. 97 (Sutton). Calling 15 identical witnesses three times in a row and examining almost identical exhibits three times in a row is not a conservation of judicial resources.[1] Further, since

---
[1] The Court notes that MTC's filings in this case specific to each Plaintiff have been substantially similar.

-5-

key questions of law of fact are common to all three cases, there is a high risk here of inconsistent verdicts.

The Court finds that any risk of prejudice is minimal and outweighed by the benefits of consolidation. First, there is almost no risk of delay here since the separate trials were scheduled for three consecutive weeks. Therefore consolidating the trials is an insignificant delay of at most one to two weeks. The Court can also provide cautionary instructions to the jury to reduce the risk of confusion or prejudice. See, e.g., Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990) ("When considering consolidation, a court should also note that the risks of prejudice and confusion may be reduced by the use of cautionary instructions to the jury and verdict sheets outlining the claims of each plaintiff."); Lewis v. City of Fresno, 2009 WL 1948918, at *1 (E.D. Cal. July 6, 2009) (same). Therefore, the Court will order Plaintiffs' cases consolidated for trial.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motions to Consolidate the *Aluya*, *Hammond* and *Sutton* cases for trial is GRANTED;
2. The Court will issue an amended Pretrial Order with the hearing date for the consolidated trial beginning on September 19, 2017; and
3. The Clerk of the Court shall file this decision in each separate case:
   *Aluya v. Management & Training Corp*. 13cv1345;
   *Hammond v. Management & Training Corp*. 13cv1209; and
   *Sutton v. Management & Training Corp*. 13cv1344.

IT IS SO ORDERED.

Dated:   August 7, 2017

SENIOR DISTRICT JUDGE